**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Yazzie,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-08222-PCT-MTL<br><br>**ORDER** |

Before the Court is Magistrate Judge James F. Metcalf's Report and Recommendation ("R & R") (Doc. 24), recommending that the Petition for Writ of Habeas Corpus (the "Petition") (Doc. 1) be denied and dismissed with prejudice. The Court has reviewed the record, including the Petition (Doc. 1), Respondents' Answer (Doc. 16) and Supplemental Answer (Doc. 22) to the Petition, the R & R (Doc. 24), Petitioner's Objection to the R & R (Doc. 27), and Respondents' Response to Petitioner's Objection (Doc. 28). Respondents' Motion to Strike (Doc. 30) is also pending before the Court. For the reasons expressed below, the Court overrules Petitioner's objections and adopts the R & R in its entirety. The Court will grant Respondents' Motion to Strike. (Doc. 30.)

**I. BACKGROUND**

On February 13, 2018, a Coconino County grand jury indicted Petitioner on charges of aggravated assault on an officer, failure to remain, unlawful flight from law enforcement, driving while under the influence of intoxicating liquor ("DUI"), extreme DUI, and felony criminal damage. (Doc. 16-1 at 4–5, Ex. A.) The Arizona Court of Appeals

summarized the facts underlying these charges as follows:

> On February 19, 2013, Yazzie was returning to his home in Phoenix after spending some time working in Albuquerque and Gallup, New Mexico. Driving west along I-40, Yazzie drank between four and twenty-four cans of beer, including 16-ounce and 24-ounce cans. Officer L. of the Department of Public Safety ("DPS") was on duty that day, near Flagstaff. Around 12:45 p.m. Officer L. backed into a closed rest area to complete paperwork. A gate blocked the westbound entrance to the rest area. Officer L. left his vehicle running with the headlights and taillights on.
>
> Between 12:45 and 12:49 p.m., Yazzie drove off the interstate, through the gate and into the rest area where he rear-ended Officer L.'s clearly marked patrol vehicle. Officer L. suffered whiplash and later developed numbness in his arms and hands as a result of the collision. Officer L.'s patrol vehicle sustained over $1,900 in damage.
>
> Officer L. saw Yazzie's heavily damaged sedan in the mirror, but before he could assess the situation, Yazzie drove off, re-entering I-40 westbound. Officer L. engaged his lights and sirens and gave chase. Yazzie swerved between lanes before exiting onto Coconino Road. Yazzie struck a concrete barrier on the exit ramp but continued to flee, running a stop sign and driving north in a southbound lane until a crossing train forced him to pull over and slow down. As Yazzie slowed to a roll, Officer L. exited his vehicle and asked Yazzie to open the door. Initially Yazzie did not respond, he stared ahead blankly as his car rolled down the road. When Officer L. raised his handcuffs to break the window, Yazzie finally opened the door. Officer L. reached into the sedan to shift it to "park" and noticed an open can of beer in the center console. Two more alcoholic beverages were in the passenger seat, and Yazzie smelled of alcohol.
>
> In response to Officer L.'s initial questioning, Yazzie admitted to drinking, hitting Officer L.'s vehicle, and being aware that Officer L. had pursued him. In subsequent field sobriety tests, Yazzie showed signs of severe impairment. At the conclusion of the field sobriety tests, a DPS officer arrested Yazzie, read him his Miranda rights, and transported him to the Coconino County Jail in Flagstaff. Yazzie consented to a breath test and

> officers obtained a search warrant for a blood draw. Breath tests conducted at 2:09 and 2:16 p.m. showed Yazzie's blood alcohol concentration ("BAC") to be .271 and .262 within two hours of when Yazzie last drove. . . . Analysis of Yazzie's blood, drawn at 2:51 p.m., showed his BAC to be above .280.

(*Id.*, Ex. K.)[1]

Following a three-day trial, a jury found Petitioner guilty of a lesser-included aggravated assault charge and guilty as charged on all other counts. (*Id.*, Ex. D.) Before sentencing, Petitioner

> . . . agreed to forgo a *Blakely* hearing and stipulated to three aggravating factors in exchange for the State's withdrawal of two of the five alleged aggravating factors: 'Infliction or threatened infliction of serous physical injury,' . . . and 'any other factor that the state alleges is relevant to the defendant's character or background or to the nature of circumstances of the crime.' Accordingly, the State did not raise either of these aggravators in its sentencing memorandum. At the sentencing hearing, however, the superior court found that [Petitioner] 'threated the infliction of serious physical injury during the commission of the offense' as one of four aggravators.

(*Id.*, Ex. K.) Petitioner's counsel did not object. (*Id.*) The trial court sentenced Petitioner to a combined sentence of 16.25 years, which primarily consists of an 11.25 years' term on the aggravated assault charge and a consecutive 5 years' term on the failure to remain charge, referred to by the trial court judge as "leaving the scene." (*Id.*, Ex. F.)

Petitioner timely filed a direct appeal. (*Id.*, Ex. K.) Appointed counsel found no arguable question of law that was nonfrivolous and thus filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). (*Id.*) The Arizona Court of Appeals permitted Petitioner to file a supplemental brief *in propria persona*. (*Id.*) In his supplemental brief, Petitioner argued that, given his stipulation with the State, the trial court abused its discretion by

---

[1] The Arizona Court of Appeals' stated facts are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 769 (1995) ("In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct.").

- 3 -

considering "infliction or threatened infliction of serious physical injury" and his two prior convictions for sentencing purposes. (*Id.*) Because Petitioner did not object at the sentencing hearing, the appellate court reviewed his claims for fundamental error and found no such error occurred. (*Id.*) The appellate court also concluded the trial court properly considered Petitioner's prior convictions for sentence enhancement. (*Id.*) Under *Anders*, the appellate court reviewed the entire record and found no reversible error. (*Id.*) The appellate court did, however, identify two sentencing errors, which the court corrected without remanding. (*Id.*) Petitioner appealed to the Arizona Supreme Court, but that court denied review on March 2, 2015. (*Id.*, Ex. P.)

While his direct appeal was pending, Petitioner filed a Notice of Post-Conviction Relief. (*Id.*, Ex. H.) The PCR court deferred consideration until the direct appeal concluded. (*Id.*, Exs. I, R.) On August 24, 2015, Petitioner, through counsel, submitted a Petition for Post-Conviction Relief ("PCR Petition"). (*Id.*, Ex. S.) It challenged Petitioner's failure to remain (leaving the scene) conviction. (*Id.*) Petitioner argued that the jury instruction on that count was "fatally flawed" because the indictment failed to include an allegation that Petitioner stopped at the crime, a necessary element of the offense. (*Id.*) Petitioner further argued he was denied effective assistance of counsel at trial because "counsel failed to object to the State's requested jury instruction defining the elements of the crime of leaving the scene of an injury accident" and "failed to request lesser included instructions" on two charges. (*Id.*) The PCR Petition also described alleged sentencing errors. (*Id.*) The PCR court found the PCR Petition to be meritless but set a resentencing to clarify the sentencing factors. (*Id.*, Ex. V.) The PCR court later clarified that Petitioner's deadline to seek review would run from resentencing. (*Id.*, Ex. X.)

At resentencing, the trial court increased Petitioner's aggravated assault term of imprisonment from 11.25 to 11.75 years. (*Id.*, Ex. Y.) The consecutive sentence on the failure to remain charge was mitigated from 5 to 4 years. (*Id.*) Soon thereafter, the trial court amended the sentence, again, to reduce the aggravated assault term of imprisonment back to 11.25 years. (*Id.*, Ex. Z.)

Petitioner then filed a PCR Petition for Review. (*Id.*, Ex. AA.) He alleged that the indictment failed to state the essential legal elements of the failure to remain claim—i.e., the omission of the failure to stop element—which, in Petitioner's view, deprived the court of jurisdiction. (*Id.*) Petitioner also argued trial counsel was ineffective for failing to object to the defective indictment and defective jury instruction and for failing to request a lesser included instruction. (*Id.*) The Arizona Court of Appeals granted review but summarily denied relief. (*Id.*, Ex. BB.) Petitioner did not seek further review. (Doc. 1 at 5.)

On September 13, 2018, Petitioner initiated this federal habeas proceeding by filing the Petition. (Doc. 1.) The Petition raises three grounds for relief. In Ground 1, Petitioner challenges the constitutionality of his sentence. (*Id.* at 6.) Two subparts comprise Ground 1. In Ground 1(a), Petitioner alleges his due process rights were violated when he was sentenced in violation of his stipulation with the State regarding the "threated the infliction of serious physical injury during the commission of the offense" aggravating factor. In Ground 1(b), he alleges a due process violation based on aggravation of sentence due to his prior convictions. In Grounds 2 and 3, Petitioner raises a series of ineffective assistance of counsel claims. (Doc. 1 at 7–8.) Like Ground 1, both Grounds 2 and 3 include respective subparts. In Ground 2(a), Petitioner claims his trial counsel was ineffective for failing to object to the jury instructions on the failure to remain claim. Ground 2(b) amounts to an ineffective assistance of counsel claim regarding trial counsel's failure to request a lesser included offense instruction. As to Ground 3, Petitioner asserts ineffective assistance of counsel allegations based on trial counsel's failure to (a) advise Petitioner on the use of injury as an aggravating factor despite the stipulation, (b) challenge aggravation based on damage to the vehicle, and (c) argue that certain aggravating factors only applied to Count 1, aggravated assault, and not Count 2, failure to remain.

## II.   LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, this Court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991)

(quoting 28 U.S.C. § 2254). The Court only reviews de novo those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court need not "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection to a magistrate judge's R & R requires "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014).

### III. DISCUSSION

#### A. Ground 1 – Sentencing

The R & R concludes that this Court lacks jurisdiction over Ground 1 because the claims relate to Petitioner's original sentence, which was vacated upon resentencing. (Doc. 24 at 6–7.) The federal habeas statute "gives federal courts jurisdiction to entertain habeas corpus petitions from individuals who are 'in custody' pursuant to a state court judgment." *Dremman v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987). The U.S. Supreme Court has "interpreted the statutory language as requiring [] the habeas petitioner [to] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Melang v. Cook*, 490 U.S. 488, 490–91 (1989). Because Petitioner was not "in custody" under his original sentence at the time he filed the Petition, the R & R concludes that the Court lacks jurisdiction over the claims comprising Ground 1. (Doc. 24 at 7.)

Petitioner objects to the R & R, asserting that he "is in fact 'in custody.'" (Doc. 27 at 1–2.) Specifically, Petitioner contends that his resentencing has no impact on the Court's jurisdiction because he "remains in custody serving an illegal [or] unconstitutional excessive consecutive sentence." (*Id.* at 2.)

The Court agrees with the R & R's conclusion. Petitioner's claims relate to alleged errors in his original sentence. The "sentence under attack" is therefore Petitioner's original

sentence. *Melang*, 490 U.S. at 490–91. The state court vacated Petitioner's original sentence and imposed a modified sentence in 2016. (Doc. 16, Ex. Y.) Accordingly, Petitioner is no longer in custody under the challenged sentence. Because Petitioner proffers no facts suggesting that the alleged errors occurred during resentencing, the Court will overrule Petitioner's objections and adopt the R & R as to Ground 1.

**B.    Ground 2 – Ineffective Assistance of Counsel as to Jury Instruction and Lesser Included**

Claims for ineffective assistance of counsel are generally analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a claim, Petitioner must show that (1) counsel's representation "fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced Petitioner. *Id.* at 688, 694. Unless both elements are established, it cannot be said that a conviction or sentence "resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

As to Ground 2, the R & R concludes that Petitioner failed to establish deficient performance by counsel and thus denies relief. (Doc. 24 at 7–12.) The R & R focused primarily on deficient performance. (*Id.*) The Magistrate Judge did not reach the issue of prejudice because Petitioner failed to make the requisite showing as to *Strickland*'s first element. (*Id.*) *See Thomas v. Schriro*, No. CIV 05–320–TUC–CKJ, 2009 WL 648512, at *9 (D. Ariz. Mar. 12, 2009) ("Both prongs need not be addressed by the reviewing court if a petitioner fails to make the necessary showing on one.").

Petitioner objects to the R & R's conclusion. But the objection is focused primarily on prejudice, not deficient performance.[2] (Doc. 27 at 5.) As noted, Rule 72 requires that objections be "specific . . . to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Because Petitioner's objection does not address the dispositive prong of

---

[2] Insofar as Petitioner's objections relate to counsel's performance, he merely reasserts the arguments he raised in previous filings. (Docs. 1, 3.) *See Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the R & R, are not sufficient under Fed. R. Civ. P. 72.")

*Strickland*, the Court treats the objection the same way it would treat a failure to object; the Court is under no obligation to conduct a de novo analysis. *See Quinn v. Hacker-Agnew*, No. CV-19-08152-PCT-DGC (CDB), 2020 WL 6680401, at *2 (D. Ariz. Nov. 9, 2020). Even if the objection was sufficiently specific, the Court agrees with the R & R that Petitioner fails to show a deficient performance by counsel under *Strickland*. Thus, the Court accepts the recommended conclusion.

### C. Ground 3 – Remaining Ineffective Assistance of Counsel Claims

The R & R concludes the claims in Ground 3 are procedurally defaulted. (Doc. 24 at 12–17.) The R & R correctly notes that Petitioner did not raise Grounds 3(a), 3(b), and 3(c) in his PCR Petition for Review. (*Id.* at 13; Doc. 16-1, Ex. AA.) Direct appeal is no longer available for review of Petitioner's unexhausted claims. (Doc. 24 at 14.) Nor can Petitioner seek review by a subsequent PCR Petition. (*Id.*) Thus, Petitioner failed to establish cause for his procedural default. (*Id.* at 17.) Because Petitioner made no assertion of innocence, the R & R concludes that the actual innocence exception does not apply. (*Id.*)

In his objection, Petitioner asserts the "miscarriage of justice exception to procedural default can be met with newly presented evidence." (Doc. 27 at 6.) But the "miscarriage of justice exception is limited to those *extraordinary cases* where the petitioner asserts his innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008). Petitioner does not allege innocence or proffer any facts to undermine the Court's confidence in the jury's finding of guilt. *Id.* at 936 (noting the Ninth Circuit has "limited the application of the miscarriage of justice exception to cases where the petitioner alleges innocence"). Accordingly, the Court finds there is no merit to Petitioner's objection.

Petitioner further contends that his lack of legal training and restrictions imposed due to the COVID-19 pandemic have resulted in "significant limitations" to legal resources. (Doc. 27 at 6–7.) Petitioner's lack of legal knowledge does not amount to an external, objective factors impeding compliance with state procedural rules. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988). And, though it is true that inadequacies

concerning prison law libraries may, in some situations, constitute extraordinary circumstances, *see Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000), Petitioner offers nothing to suggest that this limited access burdened his ability to present his claims in state court. The Court will therefore reject Petitioner's objection and adopt the R & R in its entirety.

### D.  Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is made when the resolution of an issue of appeal is debatable among reasonable jurists, if courts could resolve the issues differently, or if the issue deserves further proceedings. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court will not issue a certificate of appealability. Dismissal of Grounds 1 and 3 is justified by a plain procedural bar. *See id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). As to Ground 2, jurists of reason would not find this Court's assessment of the constitutional claims debatable or wrong. The Court therefore agrees with R & R's recommendation and declines to issue a certificate of appealability.

### E.  Motion to Strike (Doc. 30)

Respondents move to strike Petitioner's Objection to their Response to Petitioner's Objection to the R & R. (Doc. 30.) Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Magistrate Judge allowed the parties to file timely objections to the R & R. (Doc. 24 at 19.) The R & R permitted the non-objecting party to respond within 14 days of the objection. (*Id.*) No additional briefing is permitted under Rule 72(b). And Respondents did not file an objection to the R & R that would permit Petitioner to file a response. The Court will therefore grant Respondents' Motion to Strike. (Doc. 30.)

## IV.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 24) in its entirety; accordingly,

1. Grounds 1(a), 1(b), 3(a), 3(b), and 3(c) of Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) are **dismissed with prejudice**.

2. The remainder of the Petition (Doc. 1) is **denied**.

3. A certificate of appealability is **denied**.

**IT IS FURTHER ORDERED granting** Respondents' Motion to Strike Petitioner's Objection to State's Reply to Objection (Doc. 30).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment, terminating this case.

**Dated this 9th day of August, 2021.**

Michael T. Liburdi
United States District Judge